IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAMELA VANCE                                          PLAINTIFF

v.                                  CIVIL NO. 21-5068

TRANSPLACE TEXAS, LP                           DEFENDANT

**ORDER**

On September 2, 2021, the parties executed a settlement agreement after participating in a settlement conference conducted by the undersigned on August 18, 2021, and following the parties' consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 15-1).

Plaintiff, Pamela Vance, who was a Cargo Claims Specialist for Defendant Transplace Texas, claimed she was a non-exempt hourly employee who worked "off-the-clock" overtime hours for which was she was not compensated in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*. Defendant denied Plaintiff worked unclaimed overtime hours, challenged Plaintiff's timekeeping records, and posited that Plaintiff was terminated for issues related to inadequate performance inconsistent with overtime work.

Before a Court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12,

2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)).  If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties.  Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute exists in this case.  The parties disagreed as to whether Plaintiff maintained proper time-keeping records and had worked off-the-clock overtime hours, and if she did work overtime, the amount of the overtime worked.  Thus, the parties fundamentally disagreed on the central issue of the correct number of overtime hours worked by Plaintiff (if any) and proper compensation therefor.  The Court is also satisfied that the settlement is fair and reasonable.  Both sides were presented by counsel, and it was made known to the Court that discovery had been exchanged, including payroll, timekeeping and personnel records.  Those counsel worked diligently to achieve a settlement based on the merits of Plaintiff's claims considering the strengths of the defense, and the reality of the costs of continuing litigation through trial.  The Court, having presided over the settlement conference, is convinced the settlement agreement is the result of an arm's length negotiation.  Moreover, the amount recovered by Plaintiff in her confidential settlement represents a reasonable and not *de minimis* recovery for her after balancing the expense and uncertainty of proceeding with this action against Plaintiff's most readily provable damages.

The Court next turns to the issues of attorneys' fees.  When a judgment is awarded to a Plaintiff in an FLSA action, the defendant is also liable for the Plaintiff's reasonable attorneys'

fees and litigation costs. *See* 29 U.S.C. § 216(b). Here, the parties negotiated the issues of fees separately from the merits of Plaintiff's FLSA claims and reached an agreement that Defendant would pay Plaintiff's counsel attorneys' fees of $4,000 along with costs of $500; the Court lacks any authority to review the parties' settlement of attorneys' fees. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (29 U.S.C. § 216 does not require approval of settlement attorneys' fees negotiated separately and without regard to Plaintiff's FLSA claim); *see also Clemel Penn v. Motion Industries, Inc.,* 2021 WL 3928650 (8th Cir. Sept. 2. 2021) (remanding for findings where the court reduced the amount of attorneys' fees reached by settlement).

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be, and hereby is, approved as fair and reasonable, and Plaintiff's Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party whishes this Court specifically to enforce the settlement agreement.

IT IS SO ORDERED this 3rd day of September 2021.

>*/s/ Christy Comstock*
>CHRISTY COMSTOCK
>UNITED STATES MAGISTRATE JUDGE